**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| WASHOE HOUSING AUTHORITY, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:08-cv-00617-RCJ-RAM |
| U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

This case arises out of the alleged improper interpretation and application of the Native American Housing Assistance and Self-Determination Act ("NAHASDA") by the U.S. Department of Housing and Urban Development ("HUD"). Plaintiff Washoe Housing Authority ("WHA") has sued for declaratory and injunctive relief. The parties have filed cross motions for summary judgment. For the reasons given herein, the Court grants HUD's motion, denies WHA's motion, and grants WHA fourteen (14) days to amend.

**I.    FACTS AND PROCEDURAL HISTORY**

NAHASDA replaced the United States Housing Act of 1937. ((Compl. ¶ 9, Nov. 21, 2008, ECF No. 1). Under NAHASDA, a tribe may—either via tribal procedures or in accordance with any applicable state law—designate an entity other than the tribal government to act as its Tribally Designated Housing Entity ("TDHE") "to receive grant amounts and

provide assistance under this chapter for affordable housing for Indians." *See* 25 U.S.C. § 4103(22)(B)–(C).  WHA is the TDHE for the federally recognized Washoe Tribe of Nevada and California (the "Tribe"). (Compl. ¶ 2).

NAHASDA provides for annual (fiscal year) block grants to tribes in amounts determined by a formula to be established by HUD through rulemaking. *See* 25 U.S.C. § 4152(a).  The formula must be based on five statutory factors: (1) the number of low-income housing units developed under the United States Housing Act of 1937 (the "1937 Act") pursuant to a contract between an Indian housing authority for the tribe and the Secretary that are owned or operated by a recipient on October 1 of the calendar year immediately preceding the year for which funds are provided; (2) the extent of poverty and economic distress and the number of Indian families within Indian areas of the tribe; (3) other objectively measurable conditions as the Secretary and the Indian tribes may specify; (4) the relative administrative capacities and other challenges faced by the recipient, including but not limited to geographic distribution within the Indian area and technical capacity; and (5) the extent to which terminations of assistance under subchapter V of this chapter will affect funding available to State recognized tribes. *See id.* § 4152(b)–(c).

The formula HUD and tribal representatives developed (the "Formula") is the sum of two component formulas: the Formula Current Assisted Stock ("FCAS") and Need. (*See* Compl. ¶ 14).  FCAS is the number of a tribe's inventory of low-rent and mutual-help units multiplied by the respective subsidy factors. (*Id.*).  Need is based on seven factors. (*Id.*).  Plaintiff argues that Congress intended the number of low-rent and mutual-help units in existence as of September 30, 1997, and for which a tribe was receiving aid under the 1937 Act at the time, to be an eternal floor for funding calculations under NAHASDA. (*See id.* ¶¶ 13, 15).  However, HUD published a regulation establishing that annual FCAS calculations under the Formula would not count mutual-help units "lost by conveyance, demolition, or otherwise." *See* 24 C.F.R. § 1000.318(a)

("Mutual Help and Turnkey III units shall no longer be considered [FCAS] when the Indian tribe, TDHE, or IHA no longer has the legal right to own, operate, or maintain the unit, whether such right is lost by conveyance, demolition, or otherwise . . . ."); Compl. ¶ 15.  Plaintiff alleges that since 1997 it has transferred some mutual-help units ("MHU") to Indian families under the Mutual Help Homeownership Program ("MHHO"), and it therefore may be subject to action by HUD for recovery of funds HUD allocated to Plaintiff under the Formula before HUD's inspector general discovered in 2001 that HUD had been allocating funds without accounting for lost units under 24 C.F.R. § 1000.318(a). (*See* Compl. ¶¶ 18–22).  After this discovery, HUD then began auditing tribes and TDHEs to recalculate funding under the formula and recover past overpayments. (*See id.*).

Plaintiff sued HUD, Secretary Stephen Preston, and General Deputy Assistant Secretary Paula O. Blunt in this Court for declaratory and injunctive relief.  The parties have filed cross motions for summary judgment.

## II. LEGAL STANDARDS

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).  In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely

colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   ANALYSIS**

The present Complaint is, as Defendants note, necessarily an as-applied challenge at most. Plaintiff cannot challenge the regulation on its face, at least not as to procedural defects in adoption, because it filed this action more than ten years after HUD adopted the regulation. *See Wind River Min. Corp. v. United States*, 946 F.2d 710, 712–13 (9th Cir. 1991) (citing 28 U.S.C. § 2401(a)) (holding that the general six-year statute of limitations for civil claims against the United States applies to actions under the Administrative Procedures Act ("APA")). Furthermore, the as-applied challenge is directed to speculative, unripe claims. HUD argues that the only ripe issue before the Court is whether HUD violated the APA by applying section 1000.318 to exclude forty MHU units that WHA had conveyed to their occupants in fiscal year 2007 when it calculated WHA's block grant for fiscal year 2008 under the Formula. But in fact not even this is properly at issue, because Plaintiff nowhere complains of this particular agency action in the Complaint. Rather, Plaintiff appears to attack the regulation on its face, not any particular application of the regulation. Under its claim for declaratory judgment, Plaintiff alleges only that "[24 C.F.R. § 1000.318] is contrary to NAHASDA" and that Plaintiff "is entitled to a declaration that the HUD allocation formula is contrary to law and void and cannot be used to recover and allocate Indian block grant funds previously allocated to [WHA]." (*See* Compl. ¶¶ 26–27). The claim for injunctive relief asks the Court to enjoin HUD "from enforcing the [Formula] to recapture, through repayment, reduction in future funding, or any other mans, any amounts HUD claims that it overfunded [WHA] because of a reduction in the number of its FCAS [since] September 30, 1997." (*See id.* ¶ 31).

Plaintiff also argues that a 2008 amendment to NAHASDA included a clause that avoids the general six-year statute of limitations. That amendment reads:

> Subparagraphs (A) through (D) [the provisions of NAHASDA describing and

defining terms under the first of five factors for HUD to consider in creating the Formula] shall not apply to any claim arising from a [FCAS] calculation or count involving an Indian housing block grant allocation for any fiscal year through fiscal year 2008, if a civil action relating to the claim is filed by not later than 45 days after October 14, 2008.

25 U.S.C. § 4152(b)(1)(E). In other words, if Plaintiff filed the present case by November 28, 2008, which it did, and if Plaintiff challenged a particular block grant allocation for any fiscal year through 2008, which it did not,[1] then the first of five factors that HUD was to consider in creating the Formula, i.e., the requirement that HUD consider the number of 1937 Act housing units as of September 30, 1997,[2] does not apply to a merits challenge of HUD's actions in this case. Whatever complex effect this provision of the statute may have on the merits of an as-applied challenge to a block grant allocation—and the provision in fact appears to aid HUD here, not Plaintiff, because it makes irrelevant the factor that Plaintiff alleges is dispositive—it appears to have nothing whatsoever to do with the limitations period. Also, as Defendants note, another part of the 2008 amendment to NAHASDA explicitly imported the "lost to conveyance, demolition, or other means" rule of 24 C.F.R. § 1000.318 into 25 U.S.C. 4152(b)(1)(A)(ii). Any claim that post-amendment use of 24 C.F.R. § 1000.318 is inconsistent with the statute would therefore be frivolous, because the statute as amended is identical to the regulation.

In summary, Plaintiff can no longer challenge whether the *adoption* of the Formula was consistent with NAHASDA, because Plaintiff failed to challenge the Formula within six years of the agency action adopting it.[3] Plaintiff could still challenge whether HUD properly applied the

---

[1] Again, the present Complaint reads like a facial challenge to 24 C.F.R. § 1000.318.

[2] Plaintiff's interpretation of this statute is odd. The statute required HUD to write the Formula to consider not the number of 1937 Act housing units as of September 30, 1997, but the number of 1937 Act housing units as of October 1 of the previous calendar year, which number will likely change each succeeding year.

[3] Incidentally, the only court of appeals to consider a timely facial challenge to 24 C.F.R. § 1000.318 rejected the same arguments Plaintiff makes here and reversed a district court that had struck down the regulation as inconsistent with the statute. *See Fort Peck Housing Auth. v.*

1 Formula, *as adopted*, in a particular circumstance, assuming Plaintiff brought such a claim
2 within six years of that agency action, but Plaintiff has not done that here.  The Complaint
3 requests a broad declaration that the regulation is inconsistent with the pre-amendment statute
4 and an injunction preventing HUD from using the Formula or attempting to recover past-
5 allocated funds based upon it.

6 In its present motion for summary judgment, Plaintiff raises several claims that do not
7 appear in the Complaint.  Plaintiff divides its arguments into four main headings: (1) 24 C.F.R.
8 § 1000.318 is inconsistent with NAHASDA; (2) HUD has not yet given WHA any notice or
9 opportunity for a hearing as to its potential future attempt to recover overpayments; (3) 24 C.F.R.
10 § 1000.319(d) provides that HUD may not attempt to recover overpayments after three years;
11 and (4) 24 C.F.R. § 1000.532 prohibits the recapture of funds already spent on affordable
12 housing activities.  As already noted, the first argument is precluded by 28 U.S.C. § 2401(a).
13 The second argument is unripe, as Plaintiff does not allege any attempt to recover any specific
14 funds at the present time.  Of course there has been no notice and opportunity to be heard for a
15 yet-non-existent agency action.  And the Court will not declare what type of process would be
16 necessary before there is any ripe controversy.  Plaintiff nowhere alleges in the Complaint or the
17 present motion any particular attempt to recover overpayments.  If and when HUD makes such
18 an attempt, there will be a ripe controversy.  The third and fourth arguments suffer from the same
19 unripeness issue.

20 ///

21

22 *HUD*, 367 Fed. Appx. 884 (10th Cir.), *cert. denied*, 131 S. Ct. 347 (2010).  The court found that the Formula used the starting point of 1937 Act units as of September 30, 1997 and that the
23 annual subtraction of units lost via conveyance or destruction mandated by 24 C.F.R. § 1000.318 was not arbitrary and capricious or contrary to law under § 706(2)(A) of the APA in light of
24 Congress' intent that NAHASDA account for "ongoing and evolving needs." *See id.*  When Plaintiff filed the present Complaint in 2008, it cited to the *Fort Peck* district court's since-
25 overruled 2006 opinion.

**CONCLUSION**

IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (ECF No. 26) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for Summary Judgment (ECF No. 32) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff may amend the Complaint on or before September 12, 2011 to challenge any pre-2008 application of the statutes or regulations *as written*.

IT IS SO ORDERED.

Dated: This 8th day of September, 2011.

_____
ROBERT C. JONES
United States District Judge